# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2019-013007-CA-01

HONEY JEAN PATINDOL,

    Plaintiff,

v.

OLIVIER INVESTMENTS LLC
d/b/a PANDOREE CAFÉ,
a Florida Limited Liability Company,
OLIVIER BELHADIA, individually, and
ABDEL KADER BELHADIA, individually,

    Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ, through its Registered Agent:

OLIVIER BELHADIA
195 NW 36TH STREET
MIAMI, FL 33127

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

_____  5/3/2019
CLERK                              DATE

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No. 2019-013007-CA-01

HONEY JEAN PATINDOL,

    Plaintiff,

v.

OLIVIER INVESTMENTS LLC
d/b/a PANDOREE CAFÉ,
a Florida Limited Liability Company,
OLIVIER BELHADIA, individually, and
ABDEL KADER BELHADIA, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, HONEY JEAN PATINDOL ("Plaintiff"), on behalf of herself by and through undersigned counsel, files this Complaint against DefendantS OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ, OLIVIER BELHADIA, individually, and ABDEL KADER BELHADIA, individually (collectively "Defendants") and states as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter the "FLSA") to recover unpaid minimum wage and/or overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs, and for damages as a result of discrimination predicated on Plaintiff's sex/gender and pregnancy in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA").

2. The jurisdiction of the Court over this controversy is based upon the FCRA and 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA and FLSA.

4. Defendant, OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ, having its principal place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, OLIVIER BELHADIA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendants, OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ.

6. Defendant, ABDEL KADER BELHADIA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendants, OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ.

7. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida, the discriminatory acts took place in Miami Dade County, Florida and damages are due in Miami Dade County, Florida.

8. Defendants were "persons" and/or "employers" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla Stat. Section 760, et seq. and it is subject to the employment discrimination provisions of the applicable statutes.

10. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was duly filed with the Florida Commission on Human Relations.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages

12. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff was employed by Defendants from on or about May 20, 2018 through on or about July 2, 2018.

14. Throughout Plaintiff's employment, Plaintiff was paid tips from the tip pool.

15. Pursuant to the FLSA, Plaintiff shared tips with non-covered employees with regard to the tip pool and, therefore, Defendants have violated the FLSA's tip pool provisions.

16. As a result, Defendant remains owing Plaintiff the minimum wage as required by the FLSA.

17. Further, Plaintiff is a pregnant female, and, as such, is in a protected category and a covered employee for purposes of the FCRA.

18. Plaintiff has been discriminated against by Defendant through the Owners, Olivier Belhadia ("Olivier") and Abdel Kader Belhadia ("Kader").

19. On or about June 5, 2018, Plaintiff found out she was pregnant.

20. Approximately two days later, on or about June 7, 2018, Plaintiff notified Kader about her pregnancy. Kader responded by telling Plaintiff it was not a problem and later told his brother Olivier, who also said it was not a problem, about Plaintiff's pregnancy.

21. Prior to Plaintiff notifying Defendants of her pregnancy, Plaintiff always worked the morning shift. However, after notifying Defendants of her pregnancy, Plaintiff was scheduled for the night shift by Olivier.

22. Plaintiff immediately complained to Olivier because the night shift was a much harder shift requiring Plaintiff to take on heavier lifting duties and other difficult tasks, especially now that Plaintiff was pregnant.

23. Olivier ignored Plaintiff's request and was forced to work the night shift for the upcoming weeks.

24. On or about July 2, 2018, Plaintiff reported to work for her night shift, and as Plaintiff was walking in her Manager, Nestor, stopped Plaintiff and told her she was being terminated.

25. Nestor stated, "You're pregnant and it is not good for business."

26. Upon information and belief, approximately a week after Plaintiff's termination, Defendant terminated another employee, Jennifer, because she was also pregnant.

27. Throughout Plaintiff's employment with Defendant, Plaintiff was qualified for her position and performed her duties in an exemplary fashion. However, Plaintiff was subjected to negative treatment and termination due to her sex and pregnancy.

28. Any reason proffered by Defendant for the adverse employment actions taken against Plaintiff is mere pretext for unlawful discrimination.

## COUNT I
### *Violation of FLSA / Minimum Wage Against*
### *OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this Complaint as if set out in full herein.

30. During the course of Plaintiff's employment, Plaintiff was not properly compensated for many hours worked for Defendant.

31. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed during the relevant time period.

32. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

35. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

36. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

37. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for hours worked within the three (3) years prior to the filing of this complaint, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages

and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation Against*
### *OLIVIER BELHADIA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this Complaint as if set out in full herein.

39. This action is brought by Plaintiff to recover from Defendant unpaid overtime and/or minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

40. At the times mentioned, Defendant had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of Plaintiff's employment (hire/fire), scheduled hours and/or rate of pay.

41. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

42. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

43. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury, where applicable.

## COUNT III
### *Wage & Hour Federal Statutory Violation Against ABDEL KADER BELHADIA*

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this Complaint as if set out in full herein.

45. This action is brought by Plaintiff to recover from Defendant unpaid overtime and/or minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

46. At the times mentioned, Defendant had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of Plaintiff's employment (hire/fire), scheduled hours and/or rate of pay.

47. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

48. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

49. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

I. Adjudge and decree that Defendant is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

J. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

K. Award Plaintiff an equal amount in double damages/liquidated damages; and

L. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

M. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

N. Grant Plaintiff a Trial by Jury, where applicable.

### COUNT IV
### *DISCRIMINATION BASED ON SEX/GENDER IN VIOLATION OF THE FCRA AGAINST OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this Complaint as if set out in full herein.

51. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise

to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex/gender.

52. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex/gender-conformity considerations or reasons.

53. The Plaintiff is a female and former employee of Defendant and she possessed the requisite qualifications and skills to perform her position with Defendant.

54. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on her gender.

55. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

56. Moreover, as a further result of the Defendant's unlawful gender based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

57. Plaintiff was qualified for her position with Defendant.

58. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her gender in the terms, conditions, and privileges of employment.

59. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

60. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant; find that Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT V
### DISCRIMINATION BASED ON PREGNANCY IN VIOLATION OF THE FCRA AGAINST OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this Complaint as if set out in full herein.

62. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's pregnancy.

63. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon pregnancy-conformity considerations or reasons.

64. The Plaintiff was pregnant and former employee of Defendant and she possessed the requisite qualifications and skills to perform her position with Defendant.

65. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on her pregnancy.

66. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

67. Moreover, as a further result of the Defendant's unlawful pregnancy based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

68. Plaintiff was qualified for her position with Defendant.

69. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her pregnancy in the terms, conditions, and privileges of employment.

70. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

71. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated   4-30-19

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com
Miriam Brooks, Esq.
Fla. Bar No.: 0118144
mbrooks@rgpattorneys.com
Manuel A. Antommattei, Esq.
Fla. Bar No.: 1010327
maa@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005