UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22127-CIV-UNGARO/O'SULLIVAN

HONEY JEAN PATINOL,

    Plaintiff,

v.

OLIVIER INVESTMENTS LLC
d/b/a PANDOREE CAFE, a
Florida Limited Liability Company,
OLIVIER BELHADIA, individually,
and ABDEL KADER BELHADIA,
individually,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, HONEY JEAN PATINDOL ("Plaintiff"), on behalf of herself by and through undersigned counsel, files this Complaint against Defendants OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ, OLIVIER BELHADIA, individually, and ABDEL KADER BELHADIA, individually (collectively "Defendants") and states as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter the "FLSA") to recover unpaid minimum wage and/or overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon the 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ, having its principal place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, OLIVIER BELHADIA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendants, OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ.

6. Defendant, ABDEL KADER BELHADIA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendants, OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ.

7. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and damages are due in Miami Dade County, Florida.

8. Defendants were "persons" and/or "employers," at all times material hereto, Plaintiff was an "employee."

9. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff was employed by Defendants from on or about May 20, 2018 through on or about July 2, 2018.

12. Throughout Plaintiff's employment, Plaintiff was paid tips from the tip pool.

13. Pursuant to the FLSA, Plaintiff shared tips with non-covered employees with regard to the tip pool and, therefore, Defendants have violated the FLSA's tip pool provisions.

14. Defendant owes Plaintiff the minimum wage and overtime as required by the FLSA.

   a. <u>Total amount of alleged unpaid Overtime/Minimum wages</u>:

   $1, 551.84(Liquidated)

   b. <u>Calculation of such wages</u>:

   Plaintiff was paid below minimum wage, during her employment that spanned from on or about May 20, 2018 until about July 2, 2018.  Plaintiff worked approximately forty-eight (48) hours weekly. Plaintiff is owed unpaid straight time, half-time and unpaid tips. Please see *infra* for calculations. Plaintiff worked from approximately 7:00 am until 2:00 pm or in the evening from 2:00 pm until 9:00 pm. Additionally, Plaintiff would stay for an hour and clean. Plaintiff worked approximately 6 days a week; Plaintiff was paid in cash.

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid wages, unpaid half-time and liquidated damages.

   d. <u>Calculation Chart</u>

| UNPAID STRAIGHT RATE | OVERTIME | UNPAID STRAIGHT RATE X HOURS WORKED (unliquidated) |
|---|---|---|
| Approx. May 20, 2018-June 3, 2018<br><br>Paid $500.00/ 96 hours = $5.20 per hour<br><br>$3.04 per hour<br>($8.25 minimum wage – [$250 paid/48 hours per week]= $3.04) | $198.00 overtime<br><br>48 hours (total) x $4.125 halftime=<br>$198.00 in overtime<br><br><br>(half-time or $8.25 minimum wage x 1.5= $12.375 – 8.25 min. = $4.125 half time) = | $291.84<br><br>Biweekly<br><br>$3.04 x 96 hours |
| Approx. June 4, 2018-<br>June 17, 2018<br><br>Paid $600.00/96 hours<br>= $6.25 per hour<br><br>$2.00 per hour<br>($8.25 minimum wage – [$300 paid/48 hours per wk] = $2.00) | | $192.00<br><br>Biweekly<br><br>$2.00 x 96 hours |
| Approx. June 18, 2018-July 2, 2018<br><br>Paid $700/ 96 hours<br>= $7.29 per hour<br><br>$.98 per hour<br>($8.25 minimum wage – [$paid 700/48 hours per wk]= $7.27) | | $94.08<br><br>Biweekly<br><br>$.98 x 96 hours |

15. Throughout Plaintiff's employment with Defendants, Plaintiff worked in excess of forty

    (40) hours per week.

## COUNT I
*Violation of FLSA / Minimum Wage/Overtime Against*
*OLIVIER INVESTMENTS LLC d/b/a PANDOREE CAFÉ*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

18. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own or which are as of yet unknown but will be revealed through further discovery.

20. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

  B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

  C. Award Plaintiff an equal amount in double damages/liquidated damages; and

  D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

  E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Wage & Hour Federal Statutory Violation Against*
*OLIVIER BELHADIA*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

24. This action is brought by Plaintiff to recover from Defendant unpaid overtime and/or minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

25. At the times mentioned, Defendant had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of Plaintiff's employment (hire/fire), scheduled hours and/or rate of pay.

26. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

27. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

28. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury, where applicable.

## COUNT III
*Wage & Hour Federal Statutory Violation Against*
*ABDEL KADER BELHADIA*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

30. This action is brought by Plaintiff to recover from Defendant unpaid overtime and/or minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

31. At the times mentioned, Defendant had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of Plaintiff's employment (hire/fire), scheduled hours and/or rate of pay.

32. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

33. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

34. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

   intentionally and with reckless disregard for Plaintiff's rights;

I. Adjudge and decree that Defendant is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

J. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

K. Award Plaintiff an equal amount in double damages/liquidated damages; and

L. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

M. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

N. Grant Plaintiff a Trial by Jury, where applicable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: July 1, 19

             Respectfully submitted,

             **REMER & GEORGES-PIERRE, PLLC**
             Courthouse Tower
             44 West Flagler Street, Suite 2200
             Miami, FL 33130
             Telephone: (305) 416-5000
             Facsimile:  (305) 416-5005

             By: **/s/ Miriam Brooks**
               Jason S. Remer, Esq.
               Fla. Bar No.: 0165580
               Miriam Brooks, Esq.
               Fla. Bar No.: 0118144

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 19, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **/s/ Miriam Brooks**
Jason S. Remer, Esq.
Fla. Bar No.: 0165580
Miriam Brooks, Esq.
Fla. Bar No.: 0118144

**SERVICE LIST:**

Melanie Damian
Florida Bar No. 99392
Email: mdamian@dvllp.com
DAMIAN & VALORI LLP
*Counsel for Defendants*
1000 Brickell Avenue, Suite 1020
Miami, Florida  33131
Telephone:  (305) 371-3960
Facsimile:  (305) 371-3965